### SUCCESSION OF THOMAS TALBERT, deceased.

Ten days public notice must be given before letters of administration can be granted to an applicant.

APPEAL from the District Court of the Parish of Tensas, *Farrar*, J. *Reeves & Spofford*, for plaintiff. *T. P. Farrar* and *Snyder & Lewis*, for appellant.

BUCHANAN, J. The appellees had been appointed by the Probate Court of Amite County, Mississippi, administrators, with the will annexed, of *Thomas Talbert*, deceased, who was in his lifetime resident in said county. Subsequently, it becoming necessary to prosecute the collection of debts due to said *Talbert's* estate by residents of Louisiana, the appellees presented their petition, praying to have granted to them letters of administration, to the District Court of Tensas Parish in this State, upon giving bond and security according to law in the sum of —— dollars. This petition was filed the 27th March, 1860; and on the same day, the court made an order granting letters of administration to the petitioners as prayed for.

Two days afterwards, the 29th March, 1860, *Thomas L. Talbert*, a resident of Avoyelles, styling himself a son and forced heir of *Thomas Talbert*, the deceased, filed his opposition to the petition of appellees, claiming a superior right in himself to the administration of this succession, alleging that he was aggrieved by the judgment granting to the appellees the administration, without previous notice of their application, and praying an appeal from said judgment; which was granted.

The case of *Crawford* v. *Graves*, 15 An. 244, relied upon by the appellees, is not analogous to the present case. The Mississippi administrator, in that case, did not apply for letters of administration in Louisiana, as the appellees have done; nor (as was said by the Court) was it necessary that he should do so. He was pursuing in Louisiana property (slaves) which had been illegally abstracted from his possession as administrator, and run into Louisiana. We said, that we

admitted his claim to recover the property, not in a representative capacity, but in a personal capacity, because he was bound to account for that property.

But in the present case, the appellees address themselves to the Louisiana Court to be qualified as administrators in this State, on complying with the legal formalities of bond and security, which will make them officers of the Court and accountable to it. Their counsel argue, in their brief filed in this Court, that it was, indeed, unnecessary for them to have done this. We are inclined to believe the contrary, considering the Acts of 1842, page 300, and of 1855, page 398. See also *Henderson* v. *Rost*, 15 An. 405. But that question is foreign to the present issue. Whether necessary or not, the appellees have applied for letters of administration ; and the only question before us, is, whether they are entitled to an exemption from the ten days' advertisement required by articles 966 and 967 of the Code of Practice, and by Art. 1107 of the Civil Code. We have been referred to no authority recognizing any such exemption. The case of *The State* v. *The Judge of Probate*, 18 Louisiana, 570, decided in 1841, and cited in argument, is not to be viewed as authority since the statute of 1842, which is believed to have been passed in reference to that very decision.

It is, therefore, adjudged and decreed, that the order and judgment recognizing and appointing the appellees, *Sarah Talbert* and *William A. Cotton*, administrators of the succession of *Thomas Talbert*, be reversed and annulled ; and that this cause be remanded to the District Court upon the opposition of appellant, and for further proceedings according to law ; appellees to pay costs of this appeal.

MERRICK, C. J., absent.